**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10469 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00013-RVM-1 |
| v. | |
| MARIANO KOYAMA PANGELINAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted June 14, 2016[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN, and MURGUIA, Circuit Judges.

Mariano Koyama Pangelinan entered a plea agreement and pleaded guilty to one count of conspiracy to commit visa fraud and to defraud the United States in violation of 18 U.S.C. § 371. On appeal, he claims that the district court erred in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ordering him to pay restitution to 99 work visa applicants deemed to have been victims of his fraudulent acts. We have jurisdiction under 18 U.S.C. § 1291 and affirm in part and vacate in part.

**1.** On de novo review, we affirm the district court's determination that 99 aliens were victims of Pangelinan's fraud. *See United States v. De La Fuente*, 353 F.3d 766, 771 (9th Cir. 2003); *United States v. Sanga*, 967 F.2d 1332, 1334 (9th Cir. 1992). To qualify as a victim, a person must be "directly and proximately harmed" by the defendant's conduct. 18 U.S.C. § 3663(a)(2).

The record shows that, for a fee of $810.00, Pangelinan filed work visa applications with the United States Citizenship and Immigration Services on behalf of 99 aliens whom he purported to employ. To create the appearance that the employment relationship was legitimate, he required applicants to sign illusory employment contracts with the business entity he owned and charged applicants sums for employment taxes even though they did not perform work for the company or earn wages from it. Pangelinan reassured them that their compliance was essential to the application process. The record further shows that during the course of the conspiracy, Pangelinan admitted to an immigration service agent that he did not employ any of the applicants he assisted, and disregarded the warning he received from the agent that his conduct was illegal. Based on this evidence, we

reject Pangelinan's contention that the applicants were participants in his scheme. The record sufficiently establishes that the applicants were directly and proximately harmed by, and thus "victims" of, his deception.

**2.** The district court did not err in relying on circumstantial evidence to estimate the victims' actual losses. We review the court's method of calculation for abuse of discretion and the factual findings supporting that calculation for clear error. *United States v. Marks*, 530 F.3d 799, 811 (9th Cir. 2008). The district court was required to determine the "proper amount or type of restitution" by a preponderance of the evidence. 18 U.S.C. § 3664(e). We recognize, however, that district courts have "a degree of flexibility in accounting for a victim's complete losses." *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (quoting *United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004)).

Here, the district court found that six victims suffered losses exceeding the $810.00 fee charged by Pangelinan. As to the remaining victims, the district court estimated, based on interviews conducted of 22 victims and Pangelinan's own statements to the immigration authorities, that each victim lost $810.00. The evidence possesses a "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *Waknine*, 543 F.3d at 557 (quoting *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1148 (9th Cir. 1999)). Having relied on this

evidence, the district court did not choose a methodology that was arbitrary, irrational or contrary to law.

The record supports, and we affirm, the restitution order with respect to all but two victims who, as the government concedes and the record demonstrates, suffered actual losses of less than $810.00 per victim. We find that the district court clearly erred in overestimating these losses. Accordingly, we vacate the restitution order and remand to the district court for the limited purpose of modifying the order to reflect the smaller losses suffered by the two victims whose losses were overestimated.

**AFFIRMED IN PART, VACATED IN PART, REMANDED**. Each party shall bear its own costs.